UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:11CV-P11-M

**REID RIPPETOE**                                                                                   **PLAINTIFF**

**v.**

**VERNON MINIARD** *et al.*                                                                 **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Reid Rippetoe, a prisoner incarcerated at the Russell County Detention Center, commenced this action by filing a handwritten complaint on his own paper. Because Plaintiff did not tender summonses or pay the filing fee, the Clerk of Court issued a deficiency notice to him. The Clerk of Court mailed the notice on January 19, 2011. The notice gave Plaintiff thirty days to comply by either paying the $350.00 filing fee or submitting an application to proceed *in forma pauperis* and by tendering summonses for each named Defendant. The notice warned Plaintiff that his failure to respond would be brought to the attention of the Court. He did not respond.

By Order entered March 13, 2011, the Court directed Plaintiff to comply with the Clerk's directives and to resubmit his complaint on a Court-approved form. Plaintiff was given twenty-eight days to comply with its Order. He was warned that his failure to do so would result in the dismissal of this action. Over twenty-eight have passed without any response by Plaintiff.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.

1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Clerk's directive and the Court's Order shows a failure to pursue his case that is willful. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
4414.008